Marc Belloli (SBN: 244290)
  *mbelloli@feinday.com*
FEINBERG DAY ALBERTI LIM
& BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, California 94025
Tel: 650.618.4360
Fax: 650.618.4368

Patrick J. Conroy (*pro hac vice* to be filed)
  *pconroy@bcpc-law.com*
T. William Kennedy Jr. (*pro hac vice* to be filed)
  *bkennedy@bcpc-law.com*
Daniel F. Olejko (*pro hac vice* to be filed)
  *dolejko@bcpc-law.com*
BRAGALONE CONROY PC
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Attorneys for Specially Appearing
Defendant Vista Peak Ventures, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| AU OPTRONICS CORPORATION AMERICA, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> VISTA PEAK VENTURES, LLC, <br><br> Defendant. | Case No. 4:18-cv-04638-HSG <br><br> **SPECIALLY APPEARING DEFENDANT VISTA PEAK VENTURES, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY, COUNTS ONE THROUGH THREE OF PLAINTIFF'S COMPLAINT** <br><br> Date: November 29, 2018 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Judge: Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Rule 12 of the Federal Rules of Civil Procedure, Feinberg Day Alberti Lim & Belloli LLP and Bragalone Conroy PC hereby give notice of their special appearance in the above-captioned case on behalf of their client, Defendant Vista Peak Ventures, LLC. This is a limited appearance for purposes of objecting to the Court's exercise of personal jurisdiction over Defendant Vista Peak Ventures, LLC and requesting dismissal of Plaintiff AU Optronics Corporation America's Complaint.

PLEASE TAKE FURTHER NOTICE that on November 29, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court for the Northern District of California located at 1301 Clay Street, Suite 400S, Oakland, California 94612, before the Honorable Judge Haywood S. Gilliam, Jr., Specially Appearing Defendant Vista Peak Ventures, LLC will, and hereby does, bring this Motion to Dismiss or, in the Alternative, to Transfer or Stay, Counts One Through Three of Plaintiff AU Optronics Corporation America's Complaint.

By and through this Motion to Dismiss or, in the Alternative, to Stay or Transfer, Specially Appearing Defendant Vista Peak Ventures, LLC seeks dismissal of Counts One Through Three of Plaintiff AU Optronics Corporation America's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and dismissal, in the alternative, transfer or stay under the first-to-file rule. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS          4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

**TABLE OF CONTENTS**

I.      INTRODUCTION................................................................................................1

II.     STATEMENT OF FACTS ................................................................................2

III.    ARGUMENTS AND AUTHORITIES ..........................................................4

   A. The Court Should Dismiss the Case for Lack of Personal Jurisdiction................................4

   B. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted. .....................7

   C.   The Court Should Dismiss, Transfer, or Stay the Case Under the First-to-File Rule.........9

      1.   The Chronology of the Actions Favors Application of the First-to-File Rule...............9

      2.   The Similarity of the Parties Favors Application of the First-to-File Rule. ..................9

      3.   The Similarity of the Issues Favors Application of the First-to-File Rule. ..................10

      4.   No Exception to the First-to-File Rule Applies. ........................................................12

      5.   The Court Should Dismiss this Case or, in the Alternative, Transfer or Stay It..........15

IV.     CONCLUSION ...............................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adobe Sys. Inc. v. Tejas Research, LLC*,
   No. C-14-0868, 2014 WL 4651654 (N.D. Cal. Sept. 17, 2014)..........................................6

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ....................................................................................... 12, 15

*Alul v. Am. Honda Motor Co., Inc.*,
   No. 16-cv-04384, 2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ............................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................................7

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009) ............................................................................................6

*Avocent Huntsville Corp. v. Aten Intern. Co.*,
   552 F.3d 1324 (Fed. Cir. 2008) .......................................................................................5, 6

*Barnes & Noble, Inc. v. LSI Corp.*,
   849 F. Supp. 2d 925 (N.D. Cal. 2012) ..................................................................................8

*Barone v. Intercontinental Hotels Grp. PLC*,
   No. 15-cv-04990, 2016 WL 2937502 (N.D. Cal. May 20, 2016)........................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................7

*Blackberry Ltd. v. Typo Prods. LLC*,
   No. 14-cv-00023, 2014 WL 1867009 (N.D. Cal. May 8, 2014) ............................................8

*Cadence Design Sys., Inc. v. OEA Int'l, Inc.*,
   No. CV11-0713, 2011 WL 4403619 (N.D. Cal. Sept. 20, 2011) ..................................10, 16

*Cardoza v. T-Mobile USA Inc.*,
   No. 08-5120, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009)...........................................14, 15

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
   319 F.R.D. 269 (N.D. Cal. 2017).....................................................................................7, 8

*Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*,
   No. 13-cv-00283, 2013 WL 1283463 (N.D. Cal. Mar. 26, 2013) ........................................14

*EMC Corp. v. Bright Response, LLC*,
   No. C-12-2841, 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012)...........................................9

*Fair Isaac Corp. v. PCI-U, LLC*,
   No. 5:17-cv-03324, 2017 WL 4877452 (N.D. Cal. Oct. 30, 2017) ........................................15

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ..............................................................................................9

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS   4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

*Hemstreet v. Computer Entry Sys. Corp.*,
   972 F.2d 1290 (Fed. Cir. 1992) ....................................................................................8

*In re HTC Corp.*,
   889 F.3d 1349 (Fed. Cir. 2018) ..................................................................................14

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
   No. C 11-6239, 2013 WL 12174301 (N.D. Cal. Feb. 7, 2013) ......................................7

*Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*,
   No. 10-CV-04628, 2011 WL 1302633 (N.D. Cal. Apr. 5, 2011) ..................................10

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. 2008) ........................................................................14

*J & K IP Assets, LLC v. Armaspec, Inc.*,
   No. 3:17-cv-07308, 2018 WL 3428757 (N.D. Cal. July 16, 2018) .............................7, 8

*Juniper Networks, Inc. v. Mosaid Techs. Inc.*,
   No. C 11-6264, 2012 WL 1029572 (N.D. Cal. Mar. 26, 2012) ....................................11

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ..................................................................................12

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ...............................................................................10, 11

*Microchip Tech., Inc. v. United Module Corp.*,
   Nos. CV-10-04241, -05196, -05290, CV-11-00430,
   2011 WL 2669627 (N.D. Cal. July 7, 2011) .....................................................9, 10, 12, 16

*Notorious B.I.G. L.L.C. v. Hutson*,
   No. CV 14-02415, 2014 WL 12589626 (C.D. Cal. July 3, 2014) ...............................4, 6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ......................................................................................9, 15

*PageMelding, Inc. v. ESPN, Inc.*,
   No. C 11-06263, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ....................................7

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) .......................................................................................4

*Pei-Herng Hor v. Ching-Wu Chu*,
   699 F.3d 1331 (Fed. Cir. 2012) ..................................................................................11

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   No. 16-cv-06371, 2017 WL 1065334 (N.D. Cal. Mar. 21, 2017) ................................11

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
   No. 5:11-CV-02288, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) .............................10

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011) ....................................................................................5, 6

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS         4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

*Red Wing Shoe v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir 1998) ................................................................................. 6

*SAES Getters S.p.A. v. Aeronext, Inc.*,
   219 F. Supp. 2d 1081 (S.D. Cal. 2002) ................................................................... 12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................................... 5

*Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*,
   No. 4:15-cv-05445, 2016 WL 304781 (N.D. Cal. Jan. 26, 2016) ........................... 15

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................ 4, 5

*Telebrands Corp. v. Nat'l Exp., Inc.*,
   Nos. 12-6671, 13-481, -1758, -4627, -7099, 2014 WL 4930897 (D.N.J. Oct. 2, 2014) .......... 13

*Therapy Stores, Inc. v. JGV Apparel Grp., LLC*,
   No. 4:16-cv-02588, 2016 WL 4492583 (N.D. Cal. Aug. 26, 2016) ................... 13, 14

*TimeKeeping Sys., Inc. v. DwellingLIVE, Inc.*,
   No. SA CV 16-1207, 2016 WL 9086657 (C.D. Cal. Sept. 9, 2016) ....................... 11

*U.S. Bank, N.A. v. Sun Life Assurance Co. of Can.*,
   No. 17-00670, 2017 WL 5957644 (C.D. Cal. June 16, 2017) ............................... 17

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ................................................................... 9

*Western Digital Techs., Inc. v. Bd. of Regents of Univ. of Tex. Sys.*,
   No. C 10-3595, 2011 WL 97785 (N.D. Cal. Jan. 12, 2011) ................................... 16

*WP Banquet, LLC v. Lowe's Cos., Inc.*,
   No. 2:16-cv-02137, 2016 WL 4472933 (C.D. Cal. Aug. 24, 2016) ....................... 13

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-03848, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) ............................. 8

**Statutes and Rules**

28 U.S.C. § 1404 ................................................................................................. 2, 16

35 U.S.C. § 271 .................................................................................................... 2, 3

Federal Rule of Civil Procedure 12 ........................................................... i, vi, 1, 7

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiff AU Optronics Corporation America's ("AUOA") Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over Specially Appearing Defendant Vista Peak Ventures, LLC ("VPV").

2.      Whether AUOA's claims for declaratory judgment of non-infringement, no willful infringement, and equitable estoppel should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

3.      Whether AUOA's claims for declaratory judgment of non-infringement, no willful infringement, and equitable estoppel should be dismissed, transferred, or stayed under the first-to-file rule because, before AUOA filed the Complaint, VPV asserted the patents-in-suit against AUOA's parent company in lawsuits currently pending in the U.S. District Court for the Eastern District of Texas.

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS       4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

VPV specially appears to file this motion to dismiss under Rule 12(b)(2) because VPV is not subject to personal jurisdiction in California. VPV is a Texas limited liability company located in the Eastern District of Texas. Although AUOA claims that VPV utilized the services of California counsel to acquire the patents-in-suit and make certain filings with the U.S. Patent and Trademark Office ("USPTO"), and targeted California residents by filing the Eastern District of Texas actions, these alleged contacts, even if true, are insufficient to establish specific personal jurisdiction over VPV.

In addition, Counts One through Three of the Complaint should be dismissed under Rule 12(b)(6) because they fail to allege sufficient facts, which if accepted as true, would state a claim for relief that is plausible on its face. The Complaint offers no more detail with respect to AUOA's non-infringement claims than was required under the abrogated "Form 18" standard for patent infringement claims. AUOA fails to identify even one limitation of each of VPV's patents that is not present in the accused products, much less recite anything about the operation of its products or services from which one could draw that inference. AUOA also fails to plead any facts plausibly suggesting that it did not engage in induced or contributory infringement, or that its infringement was not willful. With respect to its claim for equitable estoppel, there are no facts plausibly suggesting that VPV or its predecessors-in-interest engaged in misleading or bad faith conduct.

Even if the Court does not dismiss the action for lack of personal jurisdiction and failure to state a claim, this lawsuit should be dismissed or, in the alternative, transferred to the U.S. District Court for the Eastern District of Texas, or stayed under the first-to-file rule. The Complaint was filed well after VPV filed three infringement actions involving the same patents and same accused products in the Eastern District of Texas against AUOA's parent company, AU Optronics Corporation ("AUO Parent"). VPV's lawsuits have priority over this case under the first-to-file rule because (a) they were filed weeks before this lawsuit, (b) the lawsuits involve substantially similar parties, AUO Parent and its wholly-owned subsidiary, AUOA, and (c) both lawsuits

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS        4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

involve substantially similar issues – namely, the infringement of the patents-in-suit. No exception to the first-to-file rule applies. The customer-suit exception is inapplicable and actually weighs in favor of transfer because the Eastern District of Texas actions involve AUO Parent, the manufacturer of the infringing products, whereas this lawsuit involves AUOA, a reseller of the accused products. Further, VPV did not engage in bad faith, file anticipatory suits, or engage in improper forum shopping. Given the inefficiencies that would result if this lawsuit is not dismissed, stayed, or transferred, the balance of the convenience factors under 28 U.S.C. § 1404(a) also weigh in VPV's favor.

## II.     STATEMENT OF FACTS

As AUOA concedes, its lawsuit follows VPV's filing of three currently pending actions against AUO Parent in the U.S. District Court for the Eastern District of Texas on July 10, 2018. Dkt. 1 ¶¶ 3, 20. While AUOA is not a party in the Eastern District of Texas actions, there is no dispute that it is a wholly-owned subsidiary of AUO Parent. *See id.*; Declaration of Daniel F. Olejko ("Olejko Decl."), Ex. 3 ¶ 3 ("[AUO Parent and AUOA] admit[] that AU Optronics Corporation of America … is a subsidiary of AU Optronics Corporation."); *see also* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶ 8; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶ 8; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶ 8.

Through the Eastern District of Texas actions, VPV alleges that AUO Parent directly infringes 13 patents – the same patents and products at issue in this case, U.S. Patent Nos. 5,929,947, 6,579,749, 6,674,093, 6,800,872, 6,891,196, 7,088,401, 6,404,474, 6,657,699, 7,009,673, 7,499,119, 6,781,643, 7,046,327, and 6,730,970 (collectively, "the patents-in-suit") – by making, having made, offering for sale, selling, and/or importing thin film transistor liquid crystal displays ("TFT-LCDs"), their components, and/or products containing same, or by having its controlled subsidiaries do the same, and/or by selling and making TFT-LCD panels outside of the United States, intending and/or knowing that those panel are designed for the United States and/or designing those products for sale in the United States. *See* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 19-88; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 19-64; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶¶ 20-52. With respect to certain patents-in-

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS          4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

suit, VPV also alleges that AUO Parent infringes under 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a patented process. *See* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 26, 38, 72, 84; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 37, 60. In addition, VPV alleges that AUO Parent actively induces distributors, importers, and/or consumers that purchase or sell TFT-LCD panels to directly infringe the patents-in-suit in violation of 35 U.S.C. § 271(b), and that AUO Parent's direct and indirect infringement of the patents-in-suit has been willful. *See* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 28-29, 40-41, 51-52, 62-63, 74-75, 86-87; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 27-28, 39-40, 50-51, 62-63; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶¶ 28-29, 39-40, 50-51.

Over three weeks after VPV filed the Eastern District of Texas actions, AUOA filed this lawsuit on August 1, 2018, seeking declaratory judgment that (1) AUOA's use, importation, sales, and offers to sell TFT-LCD panels does not directly or indirectly infringe the patents-in-suit, and its actions do not constitute inducement of infringement or contributory infringement of any claim of the patents-in-suit; (2) AUOA's use, importation, sales, and offers to sell TFT-LCD panels does not willfully infringe the patents-in-suit; and (3) VPA is equitably estopped from obtaining relief for any infringement of the patents-in-suit. Dkt. 1 ¶¶ 19-36. AUOA does not allege that VPV has any offices in California or this District. Indeed, AUOA recognizes that VPV is a Texas limited liability company located in Plano, Texas. *Id.* ¶ 2. Nevertheless, AUOA alleges that VPV is subject to specific jurisdiction in this District because VPV allegedly engaged counsel in San Jose, California to acquire the patents-in-suit and make filings in the USPTO in connection with some of the patents-in-suit and allegedly "target[ed] … specific residents in this State and judicial district, including [AUOA], against whom [VPV] seeks injunctive relief in its complaints filed in the Eastern District of Texas." *Id.* ¶¶ 9-10.

AUOA's declaratory judgment claims contain nothing more than threadbare allegations. With respect to its allegations of non-infringement, AUOA does not even identify a single claim element that it contends is not present in the accused products, much less include some factual detail, such as a description of the accused product, that would support an allegation that a claim

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS        4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

element is not present. *See id.* ¶¶ 19-24. With respect to its allegations of no induced or contributory infringement, AUOA alleges no facts plausibly suggesting that it did not have pre-suit knowledge of the patents-in-suit, that it did not have specific intent to encourage infringement or engage in affirmative acts of inducement, that its products have substantial non-infringing uses, that its products are not a material part of the inventions, and/or that no third party directly infringed the patents-in-suit. *See id.* AUOA's allegations of no willful infringement rest on its conclusory allegations of non-infringement, but AUOA does not allege any facts suggesting that its infringement was not egregious, or even that it lacked pre-suit knowledge of the patents-in-suit. *See id.* ¶¶ 25-30.  With respect to its allegations of equitable estoppel, AUOA fails to plead any facts suggesting that either VPV or its predecessors-in-interest engaged in misleading conduct, that AUOA reasonably and substantially relied on any misleading conduct, or that AUOA would be materially prejudiced if VPV is permitted to proceed with its infringement suit against AUO Parent. *See id.* ¶¶ 31-36.

## III.  ARGUMENTS AND AUTHORITIES

### A.  The Court Should Dismiss the Case for Lack of Personal Jurisdiction.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

In general, personal jurisdiction can be established by showing either general jurisdiction or specific jurisdiction. *See Notorious B.I.G. L.L.C. v. Hutson*, No. CV 14-02415, 2014 WL 12589626, at *3 (C.D. Cal. July 3, 2014). AUOA's Complaint alleges only specific jurisdiction. Dkt. 1 ¶¶ 9-10. Courts apply a three-prong test to determine the presence or absence of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and

substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs. *Id.* If he succeeds, then the burden shifts to the defendant for the third. *Id.* A declaratory judgment action, however, does not "arise out of" or "relate to" activities such as the manufacturing, use, offer for sale, or sale of infringing goods in the forum. *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F.3d 1324, 1332-33 (Fed. Cir. 2008). Rather, it arises out of or relates to the defendant's enforcement of the patents in the forum. *Id.* at 1334. Thus, the proper inquiry is whether any of the VPV's activities in the forum "relate to the enforcement or the defense of the validity of the [patents-in-suit]." *Id.*

AUOA alleges that VPV is subject to the Court's specific personal jurisdiction for two reasons:

> [VPV]'s substantial business in this State and judicial district, including its engagement of Ascenda Law Group of 333 W. San Carlos Street, Suite 200, San Jose, California 95110 as counsel to acquire the Asserted Patents … and, upon information and belief, authorizing that Firm's filing of powers of attorney to act on behalf of [VPV] before the [USPTO] with respect to at least some of the Asserted Patents after their acquisition[;] [and]
>
> ….
>
> [VPV]'s targeting of specific residents of this State and judicial district, including [AUOA], against whom [VPV] seeks injunctive relief in its complaints filed in the Eastern District of Texas based upon its assertions that [AUOA] both infringes the Asserted Patents and aids in [AUO Parent]'s alleged infringement of the Asserted Patents.

Dkt. 1 ¶¶ 9-10. Initially, the Court should ignore AUOA's conclusory allegations that VPV has conducted "substantial business in this State and judicial district" and "target[ed] … specific residents of this State and judicial district" to the extent they rely on facts not specifically pleaded by AUOA in the Complaint. *See Swartz*, 476 F.3d at 766. Even accepting AUOA's specific factual allegations as true, they fail to establish that VPV is subject to the Court's specific jurisdiction.

VPV's alleged engagement of a California attorney does not establish specific personal jurisdiction because there is no evidence that the California attorney participated in any enforcement activities related to the patents-in-suit in this forum, or even contacted AUOA about the patents-in-suit. *See Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 791-92 (Fed. Cir. 2011) (holding that there is no specific personal jurisdiction where counsel did not engage in enforcement

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS          4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

activities in the forum); *Notorious B.I.G.*, 2014 WL 12589626, at \*5 (finding no specific personal jurisdiction where defendant retained California counsel to send a cease-and-desist letter to a third party); *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009) ("[O]nly enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee.").

In addition, VPV's alleged targeting of AUOA in the Eastern District of Texas actions is insufficient to establish specific personal jurisdiction because VPV has not engaged in any judicial enforcement activities against AUOA in this forum. *See Avocent*, 552 F.3d at 1338-39 (holding that judicial enforcement activities outside of the forum do not establish specific personal jurisdiction); *Adobe Sys. Inc. v. Tejas Research, LLC*, No. C-14-0868, 2014 WL 4651654, at \*4-5 (N.D. Cal. Sept. 17, 2014) (Chen, J.) (finding no personal jurisdiction based on enforcement actions against California residents in the Eastern District of Texas). To the extent VPV's filing of the Eastern District of Texas actions could be considered an extra-judicial threat of litigation against AUOA, it is still insufficient to establish specific personal jurisdiction. *See Radio Sys.*, 638 F.3d at 791-92 (holding that extra-judicial enforcement activities outside of the forum cannot establish specific personal jurisdiction).

To the extent that AUOA responds with a request for jurisdictional discovery, it should be denied because AUOA's jurisdictional allegations could not establish personal jurisdiction even if they were proved to be true. *See, e.g.*, *Barone v. Intercontinental Hotels Grp. PLC*, No. 15-cv-04990, 2016 WL 2937502, at \*8 (N.D. Cal. May 20, 2016) (Spero, M.J.) (denying request for jurisdictional discovery because, even if discovery could confirm the plaintiff's theory of jurisdiction, it would still fail as a matter of law). Indeed, AUOA's allegations fall short of facts that have been found *not* to support specific jurisdiction. For example, the Federal Circuit has held that merely sending cease-and-desist letters into the forum state, entering into non-exclusive licensees in the forum state, or receiving royalty income from the forum state do not support specific jurisdiction. *See Avocent*, 552 F.3d at 1333; *Red Wing Shoe v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361, 1366 (Fed. Cir 1998). AUOA alleges none of these activities (which

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS      4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

fall short of conferring jurisdiction in any event).

**B. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Claims seeking declaratory judgment of direct non-infringement are subject to the same pleading standards as claims for patent infringement – that is, they must meet the *Iqbal* and *Twombly* pleading standard. *See J & K IP Assets, LLC v. Armaspec, Inc.*, No. 3:17-cv-07308, 2018 WL 3428757, at *1-2 (N.D. Cal. July 16, 2018) (Orrick, J.) (applying *Iqbal* and *Twombly* to counterclaims for declaratory judgment of non-infringement); *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273-74 (N.D. Cal. 2017) (Alsup, J.) (same). But AUOA fails to identify even one limitation of each of VPV's patents that is not present in the accused products, much less allege anything about the operation of its products or services from which one could draw that inference. *See* Dkt. 1 ¶ 24. Accordingly, AUOA's claims for direct non-infringement should be dismissed. *See Comcast Cable Commc'ns*, 319 F.R.D. at 273 ("[A] complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent ….").

Claims for declaratory judgment of indirect non-infringement are also subject to the *Iqbal* and *Twombly* pleading standard. *See Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239, 2013 WL 12174301, at *1 (N.D. Cal. Feb. 7, 2013) (Chesney, J.) (dismissing claims for declaratory judgment of indirect non-infringement under *Iqbal* and *Twombly*); *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012) (Alsup, J.) (same). But AUOA fails to allege facts plausibly suggesting that it did not engage in induced and contributory infringement. Dkt. 1 ¶¶ 19-24. AUOA merely relies on its insufficient allegations of direct non-infringement. Accordingly, AUOA's claims for indirect non-infringement should be dismissed. *See, e.g.*, *PageMelding*, 2012 WL 3877686, at *3 (dismissing declaratory

judgment counterclaim for indirect non-infringement because the complaint failed to allege facts suggesting lack of the requisite intent to induce infringement).

In addition, claims for willful infringement are subject to the *Iqbal* and *Twombly* pleading standard. *See XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848, 2017 WL 4551519, at *6 & n.1 (N.D. Cal. Oct. 11, 2017) (applying *Iqbal* and *Twombly* to willful infringement claims). Because AUOA's declaratory judgment claim for no willful infringement is a "mirror image" of a willful infringement claim, it must meet the same pleading standards. *See Comcast Cable Commc'ns*, 319 F.R.D. at 273. However, AUOA does not allege any facts suggesting that its infringement was not egregious, or even that it lacked pre-suit knowledge of the patents-in-suit. *See* Dkt. 1 ¶¶ 25-30. Again, AUOA merely relies on its insufficient allegations of non-infringement. Accordingly, AUOA's claim for no willful infringement should be dismissed. *See J & K IP Assets*, 2018 WL 3428757, at *1-4 (striking affirmative defenses, including affirmative defense of no willful infringement, for failure to comply with *Iqbal* and *Twombly*); *see also XpertUniverse*, 2017 WL 4551519, at *6 (dismissing claim of willful infringement because complaint failed to plead facts showing that the defendant engaged in egregious conduct).

AUOA's equitable estoppel claim must comply with at least the *Iqbal* and *Twombly* pleading standard, if not the heightened pleading requirements of Rule 9(b) since the claim sounds in fraud. *See Blackberry Ltd. v. Typo Prods. LLC*, No. 14-cv-00023, 2014 WL 1867009, at *4-5 (N.D. Cal. May 8, 2014) (Orrick, J.) (dismissing affirmative defense of equitable estoppel for failure to comply with *Iqbal* and *Twombly*); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 940-41 (N.D. Cal. 2012) ("The parties do not address whether Rule 9(b) applies to an equitable estoppel claim, but it is likely that it does."). But AUOA merely alleges that the original assignee was aware of AUOA's products and did not file an earlier infringement suit against AUOA, and that AUOA detrimentally relied on that fact. Dkt. 1 ¶¶ 31-36. This is insufficient to state a claim for equitable estoppel since there are no factual allegations suggesting that the original assignee's inaction or silence was misleading or done in bad faith. *See Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1295 (Fed. Cir. 1992). Accordingly, AUOA's claim for equitable estoppel should be dismissed. *See Blackberry*, 2014 WL 1867009, at *4-5.

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS      4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

**C. The Court Should Dismiss, Transfer, or Stay the Case Under the First-to-File Rule.**

Even if the Court does not dismiss the case for lack of personal jurisdiction and failure to state a claim, it should nonetheless dismiss the case or, in the alternative, transfer or stay it under the first-to-file rule. The first-to-file rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "[T]he 'rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims.'" *Microchip Tech., Inc. v. United Module Corp.*, Nos. CV-10-04241, -05196, -05290, CV-11-00430, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011) (Koh, J.). "Accordingly, 'it should not be disregarded lightly.'" *Id.* The first-to-file rule applies in patent cases. *Id.* (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)). "The application of the first-to-file rule requires consideration of three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* As discussed below, all three factors favor application of the first-to-file rule in this case. Further, no exception to the first-to-file rule applies.

**1. The Chronology of the Actions Favors Application of the First-to-File Rule.**

The first factor, chronology of the actions, requires one action to be filed prior to another. As AUOA admits, VPV filed three lawsuits involving the patents-in-suit over three weeks prior to AUOA filing the Complaint in this case. Dkt. 1 ¶¶ 3, 20; *see also* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1. Accordingly, this factor clearly favors application of the first-to-file rule. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (Rogers, J.) (applying first-to-file rule where second-filed suit was filed "over three weeks later"); *see also EMC Corp. v. Bright Response, LLC*, No. C-12-2841, 2012 WL 4097707, at *2 (N.D. Cal. Sept. 17, 2012) (Chen, J.) (finding the first factor satisfied where the first action was filed 27 days before the second action).

**2. The Similarity of the Parties Favors Application of the First-to-File Rule.**

The second factor "does not require exact identity of the parties," but instead "requires only

substantial similarity of parties." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Microchip Tech.*, 2011 WL 2669627, at *3 ("The similar parties' requirement does not require 'exact identity,' but instead is satisfied if the parties are substantially similar."). Here, the parties are substantially similar because VPV is a party in both actions, and AUOA is a wholly-owned subsidiary of AUO Parent, which is a party in the Eastern District of Texas actions. Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶ 8; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶ 8; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶ 8. Indeed, AUOA admits that AUO Parent is its parent company and that AUO Parent is a party in the Eastern District Texas actions. Dkt. 1 ¶ 3; Olejko Decl., Ex. 3 ¶ 3. This fact makes the parties in the cases substantially similar and favors application of the first-to-file rule. *See Microchip Tech.*, 2011 WL 2669627, at *3 (finding that the parties were substantially similar because, although plaintiff in second-filed action was not a party in the first-filed action, it was a wholly-owned subsidiary of a defendant in the first-filed action); *see also Cadence Design Sys., Inc. v. OEA Int'l, Inc.*, No. CV11-0713, 2011 WL 4403619, at *3 (N.D. Cal. Sept. 20, 2011) (Armstrong, J.) (applying the first-to-file rule to declaratory judgment claims filed by customer, when customer was not a party to a first-filed action against manufacturer); *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) (Koh, J.) (applying the first-to-file rule to declaratory judgment claims filed by supplier, when supplier was no longer a party to a first-filed action against supplier's customers); *Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*, No. 10-CV-04628, 2011 WL 1302633, at *3 (N.D. Cal. Apr. 5, 2011) (Koh, J.) (applying the first-to-file rule to declaratory judgment claims filed by successor-in-interest of accused products, when successor-in-interest was not a party to a first-filed action against its predecessor-in-interest).

### 3. The Similarity of the Issues Favors Application of the First-to-File Rule.

The third factor does not require the issues in both cases to be identical, "only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240. Courts consider "whether there is 'substantial overlap' between the two suits." *Id.* at 1241. This factor is met if both cases involve overlapping patents and similar technology, even if different accused products are at issue. *See Power Integrations,*

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS     4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

*Inc. v. ON Semiconductor Corp.*, No. 16-cv-06371, 2017 WL 1065334, at *2 (N.D. Cal. Mar. 21, 2017) (Freeman, J.) (applying first-to-file rule where the patents-at-issue in both cases involved similar technology). There is substantial overlap between this lawsuit and the Eastern District of Texas actions. The lawsuits involve the direct, induced, and willful infringement of the same 13 patents-in-suit, the same accused products (TFT-LCDs), and the same technology. *See* Dkt. 1 ¶¶ 3, 17, 24. The substantial overlap between the patents and the infringing technology in the lawsuits favors application of the first-to-file rule. *See Power Integrations*, 2017 WL 1065334, at *2; *TimeKeeping Sys., Inc. v. DwellingLIVE, Inc.*, No. SA CV 16-1207, 2016 WL 9086657, at *2 (C.D. Cal. Sept. 9, 2016) (finding the issues to be substantially similar where the cases involved the same patent, but different accused products); *Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. C 11-6264, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (Hamilton, J.) (applying the first-to-file rule where cases involved the same patents and accused products).

The fact that this lawsuit may involve secondary issues not present in the Eastern District of Texas actions does not make the first-to-file rule inapplicable. The questions AUOA asks the Court to resolve go to the "heart" of the Eastern District of Texas actions, namely whether AUO Parent's TFT-LCD products infringe the patents-in-suit. *See Kohn Law Grp.*, 787 F.3d at 1241 (finding issues substantially similar where the second-filed action asked the court to resolve an issue at the "heart" of the first-filed action). While this lawsuit raises a defense of equitable estoppel that has not been asserted in the Eastern District of Texas actions, AUO Parent will have the opportunity to raise that same defense in the Eastern District of Texas actions when it answers the complaints; otherwise, the defense will be waived. *See Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1337-38 (Fed. Cir. 2012) ("[Equitable] [e]stoppel … is an affirmative defense that must be pled, and the failure to plead it can result in waiver.") (citations omitted). Even if this issue was very capable of independent development (it is not), the lawsuits still overlap to a substantial degree because they involve the same patents and accused technology. *See Power Integrations*, 2017 WL 1065334, at *2 (applying the first-to-file rule even though there were at least some issues capable of independent development).

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS      4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

### 4. No Exception to the First-to-File Rule Applies.

There are certain circumstances where courts will refrain from applying the first-to-file rule, such as the customer-suit exception, bad faith, anticipatory suit, and forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). None of these circumstances are present.

The customer-suit exception applies "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory judgment action brought by the manufacturer of the accused goods." *Kahn*, 889 F.2d at 1081. This lawsuit is the exact opposite. VPV filed its lawsuits against AUO Parent, the manufacturer of the accused products. There is no evidence that AUOA manufactures the accused product and that AUO Parent is its customer. Even if AUO Parent could somehow be characterized as a customer of AUOA, it is still AUOA's parent company, and "the purpose of the customer-suit exception [is not] served where the purported 'customer' is also the owner … of the manufacturer." *See SAES Getters S.p.A. v. Aeronext, Inc.*, 219 F. Supp. 2d 1081, 1093 (S.D. Cal. 2002). Further, the primary question in evaluating the customer-suit exception is whether the issues and the parties are such that the disposition of one case would be dispositive of the other. *See Microchip Tech.*, 2011 WL 2669627, at *5. AUOA's declaratory judgment claims could not resolve all of the issues in the Eastern District of Texas actions because they concern only AUOA's use, importation, sales, and offers to sell TFT-LCD panels – not AUO Parent's independent acts of infringement, such as, e.g., making the accused products, selling and offering to sell the accused products overseas, and/or inducing infringement. *Compare* Dkt. 1 ¶ 24, *with id.* ¶ 17, *and* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 19-88, Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 19-64, Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶¶ 20-52.

To the extent the customer-suit exception could apply in this case, it requires that the case be dismissed or, in the alternative, transferred or stayed because AUOA is a reseller of AUO Parent's products. *Compare* Olejko Decl., Ex. 1 ¶ 3 ("[AUO Parent and AUOA] further admit[] that [AUOA] offers for sale in the United States LCD modules manufactured by [AUO Parent]. [AUO Parent and AUOA] otherwise den[y] the remaining allegations in paragraph 3."), *with id.*,

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS       4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

Ex. 2 ¶ 3 ("On information and belief, [AUOA] makes, imports into the United States, offers for sale, sells and/or uses in the United States [AUO Parent]'s LCD modules."); *see also id.*, Ex. 3 ¶ 4 ("[AUO Parent and AUOA] admit[] that [AUO Parent] and [AUOA] sell thin film transistor LCD panel displays."). Accordingly, the customer-suit exception applies with equal force to this later-filed suit. *See, e.g.*, *WP Banquet, LLC v. Lowe's Cos., Inc.*, No. 2:16-cv-02137, 2016 WL 4472933, at *3 (C.D. Cal. Aug. 24, 2016) ("[T]he logic underlying the customer-suit exception applies with equal force to *later-filed* suits against retailers, like Lowe's here, where there is an earlier-filed declaratory judgment action involving the allegedly-offending product's manufacturer.") (emphasis in original); *Telebrands Corp. v. Nat'l Exp., Inc.*, Nos. 12-6671, 13-481, -1758, -4627, -7099, 2014 WL 4930897, at *4-6 (D.N.J. Oct. 2, 2014) (applying the customer-suit exception to stay claims against customers where "the manufacturer actions were filed first—one a declaratory judgment and the other a patent infringement action—followed by combined suits against the manufacturers and [customers]").

The bad-faith exception applies "when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-cv-02588, 2016 WL 4492583, at *5 (N.D. Cal. Aug. 26, 2016) (Rogers, J.). "Filing first to establish tactical advantage over the defendant is not 'bad faith.'" *Id.* "Nor is bad faith established merely because one of the parties engaged in good-faith negotiations decides to file suit." *Id.* There is no evidence that VPV represented to AUO Parent or AUOA that it would not file a lawsuit before a certain time. Although AUOA alleges that VPV attempted to "manufacture personal jurisdiction over AUO [Parent]," AUO Parent has not filed a motion to dismiss for lack of personal jurisdiction in the Eastern District of Texas actions. Further, there is no evidence contradicting VPV's allegations that AUO Parent controls AUOA and that AUO Parent, directly or through intermediaries, such as AUOA, committed acts within Texas giving rise to the actions or established minimum contacts with Texas, including by placing the accused products into the stream of commerce via an established distribution channel with knowledge that the accused products would be sold in the Eastern District of Texas. Dkt. 1 ¶ 4; Case No. 2:18-cv-

00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10. Accordingly, the bad-faith exception does not apply. *See Therapy Stores*, 2016 WL 4492583, at *5 (finding that the bad-faith exception did not apply despite argument that first-filed suit was premised on "unfounded personal jurisdiction allegations").

The anticipatory-suit exception applies "if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008) (Armstrong, J.). Here, there is no evidence that AUOA gave VPV any indications that it was going to file a declaratory judgment action. According, the anticipatory-suit exception does not apply. *See id.*

The forum-shopping exception may apply if a party files "a federal action to 'avoid adverse rulings made in [another] court or to gain a tactical advantage from the application of federal court rules.'" *Cardoza v. T-Mobile USA Inc.*, No. 08-5120, 2009 WL 723843, at *3 (N.D. Cal. Mar. 18, 2009) (Conti, J.). In filing the Eastern District of Texas actions, VPV is not attempting to avoid any adverse court rulings. The Eastern District of Texas actions are the first cases involving the patents-in-suit. Further, VPV did not gain a tactical advantage in the application of federal law by filing in the Eastern District of Texas. *See Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*, No. 13-cv-00283, 2013 WL 1283463, at *6 (N.D. Cal. Mar. 26, 2013) (Cousins, J.) ("The operative substantive law is federal and would not motivate forum shopping."). While AUOA claims that VPV's filing of the Eastern District of Texas actions "depriv[ed] [AUOA] of its procedural rights to defend such claims in the legally appropriate venue, namely, this District," there was no requirement that VPV name AUOA as a party defendant. Dkt. 1 ¶ 10. Indeed, AUOA does not claim that it is a necessary party. And, moreover, VPV's lawsuits comply with existing venue law. *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018). To the extent that VPV gained any advantage by filing in the Eastern District of Texas, it is because VPV is headquartered in that district, which is a perfectly legitimate reason for filing there. *See Alul v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384, 2016 WL 7116934, at *3 (N.D. Cal. Dec. 7, 2016) (Tigar, J.)

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS    4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

("[A]ttempting to achieve tactical advantage in the choice of a forum … is a perfectly legitimate goal in an adversarial system of justice."); *Cardoza*, 2009 WL 723843, at *3 ("A plaintiff's decision to sue in the forum where its company is based does not amount to impermissible forum shopping.").

If anything, AUOA has engaged in forum shopping by filing this lawsuit in response to VPV's first-filed lawsuit. *See Fair Isaac Corp. v. PCI-U, LLC*, No. 5:17-cv-03324, 2017 WL 4877452, at *5 (N.D. Cal. Oct. 30, 2017) (Davila, J.) ("Although FICO's true motives are unknown, it is self-evident that FICO filed the instant action in response to PCI-U's first-filed suit, which strongly suggests forum shopping."). Accordingly, to the extent the forum-shopping exception could apply in this case, it requires that the case be dismissed or, in the alternative, transferred or stayed.

### 5.   The Court Should Dismiss this Case or, in the Alternative, Transfer or Stay It.

Under the first-to-file rule, a district court "has discretion to dismiss, stay, or transfer a case to another district court." *Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*, No. 4:15-cv-05445, 2016 WL 304781, at *2 (N.D. Cal. Jan. 26, 2016) (Rogers, J.). Dismissal of the second-filed action is appropriate under the first-to-file rule unless there is a likelihood that the first-filed action will be dismissed. *See Pacesetter*, 678 F.2d at 96-97 (affirming dismissal of second-filed action under the first-to-file rule); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991) ("[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.").

There is no benefit to transferring or staying this case over dismissal. A transfer or stay of the case would merely delay inevitable dismissal of the Complaint on the other grounds discussed above. While AUOA claims that VPV has attempted to "manufacture personal jurisdiction over AUO [Parent]," AUO Parent has not filed motions to dismiss for lack of personal jurisdiction in the Eastern District of Texas actions. Dkt. 1 ¶ 4. There is also no evidence contradicting VPV's allegations of personal jurisdiction. *See* Case No. 2:18-cv-00276-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10; Case No. 2:18-cv-00278-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10; Case No. 2:18-cv-00279-JRG (E.D. Tex.), ECF No. 1 ¶¶ 8-10. Therefore, it would be pure speculation to claim that there is

a likelihood that the Eastern District of Texas actions will be dismissed. If AUO Parent files motions to dismiss for lack of personal jurisdiction and ultimately prevails, AUOA can simply refile this lawsuit in the Eastern District of Texas (where VPV is subject to personal jurisdiction). Accordingly, the Court should dismiss this case under the first-to-file rule, rather than transfer or stay it.

In the alternative, the Court should transfer the case to the Eastern District of Texas under the first-to-file rule. Although AUOA may argue that the balance of the § 1404(a) convenience factors weighs against transfer, such an argument should be made to the district court in the first-filed actions, not this Court. *Microchip Tech.*, 2011 WL 2669627, at *6-7. "[T]here is no support for the proposition that the Court in the second-filed action *must* consider the [§] 1404 transfer question … as part of the first-to-file analysis." *Id.* at *7 (emphasis in original). Notwithstanding, the convenience factors actually weigh in favor of transfer. There is no doubt that AUOA could have filed this declaratory judgment action in the Eastern District of Texas, *see Western Digital Techs., Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, No. C 10-3595, 2011 WL 97785, at *6 n.4 (N.D. Cal. Jan. 12, 2011) (Armstrong, J.), but instead AUOA chose to multiply the proceedings by filing this lawsuit. "Judicial economy is not served by this Court entering into parallel proceedings concerning [the patents-in-suit]." *Cadence Design Sys.*, 2011 WL 4403619, at *4; *see also Western Digital Techs.*, 2011 WL 97785, at *4-5 (finding that factors of efficiency and consolidation weighed heavily in favor of transfer where plaintiff's declaratory judgment action would result in duplicative litigation). Other than the fact that AUOA is headquartered in this District, this District has little connection to the case. VPV is a Texas limited liability company located in the Eastern District of Texas. Dkt. 1 ¶ 2. The patent-in-suit were developed by inventors in Japan, prosecuted by law firms in New York, Virginia, and Washington, D.C., and previously assigned to companies in Japan and Delaware. *See* Olejko Decl., Exs. 4-16; Dkt. 1, Ex. A at 11, Ex. B at 2, Ex. C at 16. Further, the manufacturer of the accused products, AUO Parent, is a Taiwanese corporation headquartered in Taiwan. *See* Olejko Decl., Ex. 1 ¶¶ 2-3 ("[AUO Parent and AUOA] admit[] that [AUO Parent] is a corporation existing under the laws of Taiwan having a place of business located at No. 1 Li-Hsin Road 2, Science-Based Industrial Park, Hsinchu 300, Taiwan, R.O.C…. [AUO

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS      4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

Parent and AUOA] further admit[] that [AUOA] offers for sale in the United States LCD modules manufactured by [AUO Parent].”); *see also id.*, Ex. 3 ¶ 2 (admitting AUO Parent is Taiwanese corporation headquartered in Taiwan). Accordingly, most – if not all – of the relevant documents and witnesses are located outside of this District.

As a further alternative, the Court may stay the case pending AUO Parent's potential filing of motions to dismiss for lack of personal jurisdiction in the Eastern District of Texas actions and the district court's ruling on those motions. If AUO Parent's motions to dismiss for lack of personal jurisdiction are denied, this Court should lift the stay and dismiss this case, since AUO Parent will have the opportunity to raise the same claims as affirmative defenses in the Eastern District of Texas actions. *See U.S. Bank, N.A. v. Sun Life Assurance Co. of Can.*, No. 17-00670, 2017 WL 5957644, at *14 (C.D. Cal. June 16, 2017) (staying dismissal of action pending outcome of motion to dismiss in first-filed action because "Plaintiff has not suggested that Delaware will provide insufficient remedies"). If AUO Parent's motions to dismiss are granted, this Court should lift the stay and transfer the case to the Eastern District of Texas for the reasons discussed above.

## IV.   CONCLUSION

The Court should dismiss AUOA's Complaint for multiple independent reasons. If the Court does not dismiss the case for lack of personal jurisdiction, it should dismiss Counts One through Three because they fail to state a claim upon which relief can be granted. Moreover, the Court should dismiss the case under the first-to-file rule or, in the alternative, transfer or stay the action.

Dated: August 23, 2018                    Respectfully submitted,

                                          /s/ Marc Belloli
                                          Marc Belloli (SBN: 244290)
                                               mbelloli@feinday.com
                                          FEINBERG DAY ALBERTI LIM
                                          & BELLOLI LLP
                                          1600 El Camino Real, Suite 280
                                          Menlo Park, California 94025
                                          Tel: 650.618.4360
                                          Fax: 650.618.4368

                                          Patrick J. Conroy (*pro hac vice* to be filed)
                                               pconroy@bcpc-law.com
                                          T. William Kennedy Jr. (*pro hac vice* to be filed)
                                               bkennedy@bcpc-law.com
                                          Daniel F. Olejko (*pro hac vice* to be filed)
                                               dolejko@bcpc-law.com
                                          BRAGALONE CONROY PC
                                          2200 Ross Ave., Suite 4500W
                                          Dallas, Texas 75201
                                          Tel: (214) 785-6670
                                          Fax: (214) 785-6680

                                          *Attorneys for Specially Appearing*
                                          *Defendant Vista Peak Ventures, LLC*

---

18

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS          4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on August 23, 2018, I electronically filed the foregoing document

3

using the Court's ECF system which will electronically serve the same upon all counsel of record.

4

5

*/s/ Marc Belloli*
Marc Belloli (SBN: 244290)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS       4:18-cv-04638-HSG
OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY