LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Bryan G. Harrison (*pro hac vice*)
bryan.harrison@lockelord.com
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
Telephone: (404) 870-4600
Fax: (404) 872-5547

Attorneys for Plaintiff AU Optronics Corporation America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AU OPTRONICS CORPORATION AMERICA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VISTA PEAK VENTURES, LLC,<br><br>Defendant. | CASE NO.: 4:18-cv-04638-HSG<br><br>**AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**<br><br>Date: November 29, 2018<br>Time: 2 p.m.<br>Place: Courtroom 2<br><br>Complaint Filed: August 1, 2018 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF RELEVANT FACTS .............................................................................2

III. ARGUMENTS AND AUTHORITIES..................................................................................3

    A. This Court Has Specific Personal Jurisdiction Over Defendant. ...............................3

        1. Defendant Purposefully Directed Enforcement Activities at this Forum. .........5

        2. Defendant's Other Contacts With The Forum Support Personal Jurisdiction. ..7

    B. Rule 12(b)(6) Does Not Support Dismissal of the Complaint.....................................8

    C. Defendant's Reliance Upon The First-To-File Rule Is Misplaced And Provides No Basis For The Dismissal, Transfer, or Stay of This Action.............................................9

IV. CONCLUSION....................................................................................................................12

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

i

AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER
*AU Optronics Corporation America v. Vista Peak Ventures, LLC*, Case No. 4:18-cv-04638-HSG

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alltrade Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) ..................................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................8

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008) ........................................................................................4, 5, 6

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ...................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ passim

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) .................................................................................................4

*Calder v. Jones*,
  465 U.S. 783 (1984) ..................................................................................................................5

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008) ..............................................................................................4, 5

*Church of Scientology of Cal. v. U.S. Dep't of the Army*,
  611 F.2d 738 (9th Cir. 1979) ...............................................................................................9, 10

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) .................................................................................................8

*Elecs. for Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) .................................................................................................4

*Elecs. for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ...............................................................................................10

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ....................................................................................................................8

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
  737 F.3d 704 (Fed. Cir. 2013) .................................................................................................10

*Genentech, Inc. v. Eli Lilly & Co.*,
  998 F.2d 931 (Fed. Cir. 1993) .....................................................................................9, 10, 11

ii

AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER
*AU Optronics Corporation America v. Vista Peak Ventures, LLC*, Case No. 4:18-cv-04638-HSG

*Life360, Inc. v. Advanced Ground Info. Sys., Inc.*,
  No. 15-cv-00151-BLF, 2015 WL 5612008 (N.D. Cal. Sept. 21, 2015) ..........................................4

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ................................................................................................8

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) ................................................................................................9

*Radio Systems Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011) ..............................................................................................6, 7

*Serco Servs. Co. v. Kelley Co.*,
  51 F.3d 1037 (Fed. Cir. 1995) ..................................................................................................9

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017) ..................................................................................................*passim*

*Vista Peak Ventures, LLC v. AU Optronics Corp.*,
  Case Nos. 2:18-cv-00276-JRG (E.D. Tex.) ........................................................................8, 11

*Walden v. Fiore*,
  571 U.S. 277, 134 S. Ct. 1115 (2014) .....................................................................................4, 5

*Ward v. Follett Corp.*,
  158 F.R.D. 645 (N.D. Cal. 1994) ............................................................................................11

**Statutes**

28 U.S.C. § 1391(c)(3) .....................................................................................................................3

28 U.S.C. § 1400(b) ...................................................................................................................3, 10

**Other Authorities**

Fed. R. Civ. P. 8(a) .....................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 2, 7, 8

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

iii

AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER
*AU Optronics Corporation America v. Vista Peak Ventures, LLC*, Case No. 4:18-cv-04638-HSG

## MEMORANDUM OF POINTS AND AUTHORITIES

AU Optronics Corporation America ("AUO USA") opposes Defendant's Motion to Dismiss or, in the alternative, to Transfer or Stay, Count's One through Three of Plaintiff's Complaint (the "Motion"), showing this Court as follows:

### I.   INTRODUCTION

The primary issue before this Court is one of first impression and may be simply stated. May a plaintiff purposefully circumvent the venue requirements set forth in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1521 (2017)—requirements that would unambiguously obligate the plaintiff to pursue its claims before this Court—by purposefully failing to name an entity as a defendant against whom it expressly seeks relief and upon whom it expressly relies for its jurisdictional allegations?

The answer is, and clearly should be, a resounding "no."

The Motion seeks this Court's approval of Defendant's circumvention of *TC Heartland* on three grounds: (i) this Court lacks personal jurisdiction over Defendant, (ii) AUO USA's Complaint fails to satisfy the minimum pleading requirements of Fed. R. Civ. P. 8(a), and (iii) comity and the first-to-file rule mandate dismissal, transfer or the stay of this action. Defendant's Motion, however, should be denied as it ignores the primary issue before this Court and relies upon inapposite authority.

Initially, the Motion fails to meet its burden under Federal Rule of Civil Procedure 12(b)(2) to establish that this Court lacks personal jurisdiction over Defendant. Rather, AUO USA—a California resident—has established a prima facie case of specific personal jurisdiction over Defendant. Indeed, AUO USA has specifically pled jurisdictional facts that subject Defendant to this Court's specific personal jurisdiction. The Complaint specifically avers that Defendant has substantial business in this forum that is intricately involved in its claims against AUO USA, and, further, has purposefully directed actions at this forum—seeking to deprive this forum of its right to adjudicate Defendant's claims against AUO USA, a resident of this District—that are directly related to AUO USA's claim and sufficient for this Court's exercise of specific personal jurisdiction.

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

1

AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER
*AU Optronics Corporation America v. Vista Peak Ventures, LLC*, Case No. 4:18-cv-04638-HSG

The Motion similarly fails to meet its burden for dismissal under Fed. R. Civ. P. 12(b)(6). Count One of the Complaint pleads non-infringement with the same particularity as Defendant does in its counterpart claims for infringement filed in the Eastern District of Texas and meets the minimum requirements under Fed. R. Civ. P. 8(a). Defendant's attempts to force AUO USA to plead its non-infringement positions with more particularity than Defendant's own accusations of infringement is untenable and should be rejected. In any event, even if the Court was inclined to grant Defendant's 12(b)(6) motion, the proper remedy would be to allow AUO USA to file an amended complaint. Defendant's claims regarding purported pleading inadequacies with respect to Counts Two and three are simply without merit.

And, finally, the Motion fails to meet its burden to dismiss, stay, or transfer this case under the first-to-file rule. Under the facts before this Court, the first-to-file rule does not require the transfer of this action under the forum shopping exception and because the transfer would force AUO USA into the dilemma of either dismissing its claims or being forced to respond to Defendant's infringement allegations against AUO USA in an improper venue. Each of Defendant's complaints seeks damages and injunctive relief against not only AUO USA's parent, but also against AUO USA. Defendant, nevertheless, purposely chose to exclude AUO USA as a named party to maintain proper venue in the Texas court. This Court should reject Defendant's attempt to abuse the first-to-file rule in such circumstances.

As set forth more fully, below, the Motion should be denied.

## II.   STATEMENT OF RELEVANT FACTS

AUO USA instituted the instant declaratory action on August 1, 2018. (Dkt. #1). In the Complaint, AUO USA sets forth that "[o]n July 10, 2018, AUO USA received notice of three separate lawsuits VPV filed against AUO in which VPV, *inter alia*, also accused AUO USA of engaging in conduct constituting direct and indirect infringement of the Asserted Patents in the United States and aiding AUO in such infringement." (Dkt. #1, ¶20) (these lawsuits are collectively referred to as the "Eastern District Actions"). The Complaint states that Defendant is seeking in the Eastern District Actions: (i) damages sustained as a result of the alleged infringements, including up to treble damages; and (ii) "[a] preliminary and permanent injunction against AUO, [AUO USA], or

anyone acting on its behalf from making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable…." (Dkt. #1, ¶17).

The Complaint specifically pleads that the "Defendant is subject to this Court's specific personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to Defendant's substantial business in this State and judicial district, including its engagement of Ascenda Law Group … as counsel to acquire the Asserted Patents, … and, upon information and belief, authorizing that Firm's filing of powers of attorney to act on behalf of Defendant before the United States Patent and Trademark Office with respect to at least some of the Asserted Patents after their acquisition." (Dkt. #1, ¶9).

The Complaint also specifically pleads that "Defendant is also subject to this Court's specific personal jurisdiction … due at least to Defendant's targeting of specific residents of this State and judicial district, including AUO USA, against whom Defendant seeks injunctive relief in its complaints filed in the Eastern District of Texas based upon its assertions that AUO USA both infringes the Asserted Patents and aids in AUO's alleged infringement of the Asserted Patents…" and that "[h]ad Defendant included AUO USA as a party defendant in its complaints against AUO, 28 U.S.C. §§ 1391(c)(3) and 1400(b) would require those complaints to have been filed in this District." (Dkt. #1, ¶10).

Defendant filed the instant Motion on August 23, 2018. (Dkt. #17).  In the Motion, Defendant seeks dismissal of the Complaint on the grounds that (i) Defendant is not subject to personal jurisdiction in California, (ii) the Complaint fails to state a claim for relief that is plausible on its face, and (iii) Defendant's Prior Actions and the first-to-file rule requires dismissal.

### III.  ARGUMENTS AND AUTHORITIES

As established below, Defendant's Motion fails to meet its burden on each issue and should be denied.

#### A.  This Court Has Specific Personal Jurisdiction Over Defendant.

The Federal Circuit has instructed that "[t]he issue of personal jurisdiction in a declaratory action for [patent] non-infringement is 'intimately related to patent law' and thus governed by

3

Federal Circuit law regarding due process." *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006). In ascertaining whether a defendant is subject to specific personal jurisdiction, the Federal Circuit applies a three-factor test, analyzing whether: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). If the plaintiff establishes a prima facie case for the first two elements, the burden of proof shifts to the defendant to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.

Defendant's Motion does not dispute that AUO USA's claim arises from the activities averred in the Complaint nor does it argue that this Court's exercise of personal jurisdiction would be unreasonable. Accordingly, this Court's personal jurisdiction analysis collapses to determining whether Defendant purposefully directed its activities at residents of the forum.

Absent jurisdictional discovery, "a plaintiff need only make a prima facie showing that defendants are subject to personal jurisdiction [and] ... a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted); *see also Life360, Inc. v. Advanced Ground Info. Sys., Inc.*, No. 15-cv-00151-BLF, 2015 WL 5612008, at *2 (N.D. Cal. Sept. 21, 2015). AUO USA has clearly made such a prima facie showing.

Where, as here, the declaratory judgment action relates to non-infringement of a patent, the relevant conduct in determining whether the action arises out of or relates to the activities of the defendant are its enforcement activities directed at the forum. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). *Accord Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1122 (2014).

Accordingly, the relevant inquiries for this Court are to what extent Defendant purposefully directed enforcement activities at the forum. *Avocent*, at 1332.

### 1. Defendant Purposefully Directed Enforcement Activities at this Forum.

Purposeful direction is shown where defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1060 (9th Cir. 2017); *see also Calder v. Jones*, 465 U.S. 783 (1984). A patentee defendant who has engaged in conduct relating to enforcement of its patent rights beyond merely informing residents of the forum of its patent rights and its intention to enforce those rights has purposefully directed activities at the forum for purposes of determining whether the court's exercise of specific personal jurisdiction comports with fair play and substantial justice. *See, e.g., Avocent* at 1333. The fact that the defendant utilized a third party to perform some or all of the activities does not insulate a defendant from the court's personal jurisdiction. *See Campbell Pet*, 542 F.3d at 885-86 (patentee's use of a third party to perform extra judicial enforcement activities directed to the forum jurisdiction sufficient to find specific personal jurisdiction).

The Supreme Court has confirmed that a defendant's conduct must be directed to the forum, not just the result of defendant's interactions with the plaintiff. *Walden*, at 1122. As the Supreme Court instructed, "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. "[M]ere injury to a forum resident is not a sufficient connection to the forum…. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. at 1125.

The Complaint establishes, at a minimum, a prima facie case that Defendant has purposefully directed activities at this forum. (Dkt. #1, ¶ 10). The uncontroverted allegations in the Complaint allege that:

- Defendant realized that the purported contacts of AUO USA with Texas were necessary to support personal jurisdiction over its parent and that complete relief in the Eastern District Actions required injunctive relief and damages against AUO USA

- Defendant also realized, however, that naming AUO USA as a defendant in the Eastern District Actions would be improper under *TC Heartland* and would require Defendant's claims to be brought in this venue;

- Rather than naming AUO USA as a defendant in its claims and pursuing such claims in this venue, as required, Defendant made a conscious and deliberate decision to omit AUO USA as a defendant, file the Eastern District Actions anyway, and attempt to improperly deprive AUO USA of its right to fight those claims in this venue; and

- Defendant's actions seek to reap the benefit of any potential injunctive and monetary relief levied against AUO USA in the Eastern District Actions without having to adhere to the venue requirements under *TC Heartland*.

Defendant's actions set forth in the Complaint clearly go beyond the mere delivery of letters to a resident of this forum, advising the resident of Defendant's patents and its intent to enforce the same, and meet each of the three elements of purposeful direction of activities. Further, Defendant's actions are not limited solely to affecting AUO USA. Rather, Defendant made the conscious decision to attempt to deprive **this forum** of its right under binding precedent to adjudicate Defendant's claims against AUO USA in this venue.

Defendant's reliance on *Radio Systems Corp. v. Accession, Inc.* is misplaced. While *Radio Systems*, in dicta, asserts that it decided in *Avocent* that extra-judicial enforcement activities outside of the forum cannot establish specific personal jurisdiction, there is no such holding in *Avocent*. Rather, *Avocent* refers to enforcement activities in the forum state as an *example* of something that *is* sufficient and does not preclude out-of-forum-state enforcement. *See Avocent*, 552 F.3d 1324 at 1334. Specifically, the *Avocent* opinion states "[e]xamples of these 'other activities' *include* initiating judicial or extra-judicial patent enforcement within the forum…." *See Id.* at 1332, citing *Campbell*, 542 F.3d 879 at 886.

In any event, *Radio Systems* is inapposite to the issues here. Here, Defendant seeks to deprive this forum of its right to adjudicate Defendant's claims against AUO USA. The fact that Defendant is utilizing the court in the Eastern District of Texas to cause that deprivation does not prevent this Court's consideration of such activities. In *Radio Systems Corp. v. Accession, Inc.*, the

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

plaintiff relied upon the contact by an attorney for the patentee located within the USPTO, out of the forum. 638 F.3d 785, 792 (Fed. Cir. 2011). Thus, the actions directed outwardly from the forum state. *Id.* In this case, the facts are opposite and compel a different result—Defendant's actions are directed specifically at this forum to circumvent *TC Heartland*'s requirement that this forum adjudicate Defendant's claims against AUO USA. Indeed, under *TC Heartland*, this is the only forum which AUO USA may properly be sued. Defendant could have, and should have originally brought suit in this district, and Defendant should not be able to flaunt the venue requirements of *TC Heartland* simply because it filed suit in an improper forum.

Simply put, Defendant has cited no authority in the Motion that is analogous to the facts before this Court, where a defendant patentee attempts to utilize a non-forum court in an extra judicial way to avoid the forum's proper venue.

### 2. Defendant's Other Contacts With The Forum Support Personal Jurisdiction.

The Complaint also avers that Defendant has engaged in substantial business in this forum supporting the exercise of personal jurisdiction. In particular, Defendant engaged Ascenda Law Group out of this District for the purposes of assisting Defendant in acquiring the patents-in-suit and as Defendant's counsel of record before USPTO with respect to at least some of those patents. (Dkt. 1 ¶ 9).

This Court should find Defendant's actions sufficient to exert specific personal jurisdiction over Defendant because it purposefully directed its activities at the forum in an effort to deprive this Court from adjudicating Defendant's claims against AUO USA, as required under *TC Heartland*, and by Defendant's substantial business in this District, engaging Ascenda to assist in the acquisition of the patents-in-suit and as counsel of record for at least some of those patents before the USPTO.

As Defendant does not contend that AUO USA's claims arise from these actions or that the exercise of personal jurisdiction would be unreasonable, this Court has personal jurisdiction over Defendant and its request for dismissal under Fed. R. Civ. P. 12(b)(2) should be rejected.

### B.     Rule 12(b)(6) Does Not Support Dismissal of the Complaint.

Under *Iqbal/Twombly*, [a patentee] is required to "state a claim to relief that is plausible on its face." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In other words, a party alleging patent infringement [or non-infringement] need not "prove its case at the pleading stage." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012) (warning against requiring a "level of factual specificity" in pleading patent infringement that "would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage")). The Federal Circuit explained in *Disc Disease* that a general allegation that the allegedly infringing products "meet each and every element of at least one claim of Plaintiff's patents ... are sufficient under the plausibility standard of *Iqbal/Twombly*." 888 F.3d at 1260.

The Complaint's non-infringement claims meet the minimum requirements set forth in *Iqbal/Twombly*, as the Complaint incorporates by reference the factual allegations set forth in *Vista Peak Ventures, LLC v. AU Optronics Corp.*, Case Nos. 2:18-cv-00276-JRG; 2:18-cv-00278-JRG; and 2:18-cv-00279-JRG. Defendant's complaints in these actions plead infringement with a strikingly similar particularity as found in the Complaint, and the factual allegations made by Defendant against AUO USA in the Eastern District Actions provide sufficient basis for AUO USA's non-infringement positions and factual allegations at this early juncture. For Defendant to ask AUO USA to plead additional specificity with respect to non-infringement at this stage is to 1) require AUO USA to prove that it does not infringe at the pleading stage, and on an issue which

8

AU OPTRONICS CORPORATION AMERICA'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER
*AU Optronics Corporation America v. Vista Peak Ventures, LLC*, Case No. 4:18-cv-04638-HSG

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Defendant bears the burden of proof, and 2) force AUO USA to prematurely crystalize its non-infringement position in response to Defendant's own bare-bone infringement positions.

Defendant's arguments regarding the adequacy AUO USA's pleading of Counts Two and Three are likewise without merit.  Count Two seeks a declaration that AUO USA has not willfully infringed the Asserted Patents.  If, as properly alleged in Count One, AUO USA has not infringed the Asserted Patents, then it is axiomatic that AUO USA has not done so willfully.

Count Three seeks a declaration that Defendant is estopped from obtaining relief for the alleged infringement of the Asserted Patents because the assignor of the Asserted Patents to Defendant knew of the accused product for many years yet never asserted infringement against such product.  AUO USA's factual allegations supporting Count Three make clear that AUO USA relied on the assignor's failure to bring suit for the greater part of a decade to its own detriment, and these allegations are factually sufficient to plead a cause of action for equitable estoppel.

Moreover, Count Two is also supported by the factual assertions supporting Count Three—that AUO USA detrimentally relied on the assignor's failure to bring suit, with such reliance leading AUO USA to believe that its product did not infringe the Asserted Patents.  As such, AUO USA lacks the requisite intent to have willfully infringed the Asserted Patents.

And, finally, if the Court still finds the positions and allegations in the Complaint insufficient even in light of Defendant's complaints in the Eastern District Actions, the proper remedy is to require AUO USA to amend its Complaint to include additional factual allegations found lacking in one or more of AUO USA's claims, not dismissal of the entire Complaint.

**C.     Defendant's Reliance Upon The First-To-File Rule Is Misplaced And Provides No Basis For The Dismissal, Transfer, or Stay of This Action**

The first-to-file rule is a doctrine of federal comity permitting a district court to decline jurisdiction over an action.  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993); *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 749-50 (9th Cir. 1979).  The issue of the first-to-file rule within the context of patent litigation falls within the Federal Circuit's exclusive subject matter jurisdiction and is not governed by regional circuits' rules.  *Serco Servs. Co. v. Kelley Co.*, 51 F.3d

1037, 1038 (Fed. Cir. 1995); *see also Genentech*, 998 F.2d 931 at 937 ("The proper relationship between an action under this act for a declaration of patent rights and a later-filed infringement suit triggers this court's special responsibility to foster national uniformity in patent practice; we do not defer to the procedural rules of other circuits.").

While the first-to-file rule "should not be disregarded lightly," *Church of Scientology*, 611 F.2d at 750, this equitable rule should also not be applied rigidly or mechanically. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("the rule is not absolute; exceptions may be made if justified"); *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (exceptions may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes."). Justification for an exception may also be found in "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, ... the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech*, 998 F.2d at 938.

In this case of first impression, Defendant's reliance upon the first-to-file rule is misplaced for at least two reasons: 1) enforcing the rule on these facts would, as noted above, force AUO USA into the dilemma of choosing not to defend itself against Defendant's infringement claims or litigating those claims in an improper venue; and 2) Defendant's actions were for the purposes of forum shopping.

First, transfer of this action to the Eastern District of Texas is improper. Under the patent venue statute, 28 U.S.C. § 1400(b), venue is proper only in (1) the defendant's state of incorporation, or (2) where the defendant commits an act of infringement and has a regular and established place of business. As this Court is aware, the Supreme Court's decision in *TC Heartland* made clear that a defendant "resides" only in its State of incorporation. 137 S. Ct. 1514, 1521 (2017) ("As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation."). AUO USA is a California corporation with its principal place of business in Milpitas, California. It is therefore resident only in the state of California. Further, AUO USA has no regular and established place of business in Texas. It neither owns nor leases any property in Texas.

Defendant was keenly aware of these facts when it filed its three complaints commencing the Eastern District Actions and purposefully omitted AUO USA as a named defendant in those matters. It is telling that the Motion fails to address the propriety of transfer in light of the patent venue statute and *TC Heartland*. The reason is simple: venue for AUO USA cannot be properly maintained in the Eastern District of Texas.

As explained above, Defendant's repeated references in its complaints to AUO USA, including in their *ad damnum* clauses which, *inter alia*, specifically request to enjoin AUO USA from "making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable," demonstrate that Defendant has sought to circumvent the patent venue statue and *TC Heartland* by asserting claims and seeking specific relief against AUO USA in the Eastern District Actions, but declining to name AUO USA as a defendant. *Vista Peak Ventures, LLC v. AU Optronics Corp.*, Case Nos. 2:18-cv-00276-JRG, Dkt. 1, pp. 28-29; 2:18-cv-00278-JRG, Dkt. 1, p. 22; and 2:18-cv-00279-JRG, Dkt. 1, pp. 19-20.

AUO USA's glaring absence as a named defendant in these actions clearly illustrates Defendant's intent: to engage in improper forum shopping and to utilize the Eastern District of Texas as a third party enforcer in Defendant's extrajudicial enforcement activities to deprive this forum of its right to adjudicate Defendant's claims against AUO USA.

Courts can deviate from the first-to-file rule when the first suit was filed in bad faith, was filed anticipatorily, when there is evidence of forum shopping, or an imbalance of convenience. *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Here, there is clear evidence that Defendant's Eastern District Actions, purposely omitting AUO USA as a defendant, were filed as nothing more than a thinly veiled attempt at forum shopping. In any event, the Eastern District of Texas is an improper forum to adjudicate the present controversy between AUO USA and Defendant and Defendant should not be rewarded for its attempt to circumvent the rules regarding venue.

This is precisely the type of case where the Court should exercise its equitable discretion and deny Defendant's motion under the first-to-file rule so that this matter may be adjudicated in this, the

only proper forum. *See Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("district courts can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity."); *Genentech*, 998 F.2d at 938 ("the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served.").

## IV.  CONCLUSION

For the forgoing reasons, AUO USA respectfully requests that the Court deny the Motion.

Dated:  September 6, 2018                    Respectfully submitted,

LOCKE LORD LLP

By:   */s/ Bryan G. Harrison*
      Regina J. McClendon
      Bryan G. Harrison
      Meagan S. Tom
Attorneys for Plaintiff
AU OPTRONICS CORPORATION AMERICA