Marc Belloli (SBN: 244290)
  *mbelloli@feinday.com*
FEINBERG DAY ALBERTI LIM
& BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, California 94025
Tel: 650.618.4360
Fax: 650.618.4368

Patrick J. Conroy (admitted *pro hac vice*)
  *pconroy@bcpc-law.com*
T. William Kennedy Jr. (admitted *pro hac vice*)
  *bkennedy@bcpc-law.com*
Daniel F. Olejko (admitted *pro hac vice*)
  *dolejko@bcpc-law.com*
BRAGALONE CONROY PC
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Attorneys for Specially Appearing
Defendant Vista Peak Ventures, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| AU OPTRONICS CORPORATION AMERICA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VISTA PEAK VENTURES, LLC,<br><br>Defendant. | Case No. 4:18-cv-04638-HSG<br><br>**SPECIALLY APPEARING DEFENDANT VISTA PEAK VENTURES, LLC'S RESPONSE TO AU OPTRONICS CORPORATION AMERICA'S STATEMENT OF RECENT DECISION**<br><br>Date:      November 29, 2018<br>Time:      2:00 p.m.<br>Courtroom: 2<br>Judge:     Hon. Haywood S. Gilliam, Jr. |

Specially Appearing Defendant Vista Peak Ventures, LLC ("VPV") hereby submits this response to AU Optronics Corporation America's Statement of Recent Decision (Dkt. 40). Should the Court decide to consider the new case cited by AUO USA, VPV respectfully requests that it be permitted the opportunity to submit a supplemental brief to explain why that case is inapposite and distinguishable on the facts.

Further, VPV respectfully requests that the Court consider a recent and relevant case from the Federal Circuit, *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, No. 2018-1121 (Fed. Cir. Nov. 29, 2018) (attached hereto as **Exhibit A**), including the following portion of the decision:

> Maxchief contends that Wok's lawsuit against Staples in the Central District of California created sufficient contacts with Tennessee because the suit sought a broad injunction against "all those in active concert" with Staples, including its "distributors," and the distributor of Staples' table was Meco, a Tennessee resident. Appellant's Br. at 16. Maxchief maintains that this lawsuit had "effects" in Tennessee because Wok's requested injunction would extend to Meco, and Maxchief would respond to any injunction by changing its Tennessee activities. According to Maxchief, the Staples lawsuit therefore created jurisdiction under *Calder v. Jones*, 465 U.S. 783, 791 (1984), where the Supreme Court held that a California court had jurisdiction over two Florida newspapermen because their intentional conduct in Florida was calculated to cause injury in California.
>
> Contrary to Maxchief's argument, it is not enough that Wok's lawsuit might have "effects" in Tennessee. Rather, jurisdiction "must be based on intentional conduct by the defendant" directed at the forum. *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *see* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1069.1 (4th ed. 2018) ("Wright & Miller") ("The 'effects test' continues to have viability, but only when the defendant's conduct both has an effect in the forum state and was directed at the forum state by the defendant . . . ."). In *Calder*, the defendants "expressly aimed" "their intentional, and allegedly tortious, actions" at California: they relied on phone calls to California sources for their article, wrote the story about the plaintiff's activities in California, and caused reputational injury in California by writing the allegedly libelous article and causing it to be circulated in the state. *See* 465 U.S. at 788–90. "Indeed, because publication to third persons is a necessary element of libel, the defendants' intention tort [in *Calder*] actually occurred *in* California." *Walden*, 571 U.S. at 288 (internal citation omitted). By contrast, Wok's lawsuit against Staples—filed in California against a California resident— was directed at California, not Tennessee. The lawsuit alleged that the actions taken by a non-resident of Tennessee (Staples) infringed the patents. The fact that the requested injunction might apply to a Tennessee resident
>
> (Meco) and non-party to the action (acting in concert with the defendant) is too attenuated a connection to satisfy minimum contacts.

*Id.* at 6-7 (emphasis in original).

| | |
|---|---|
| Dated: December 14, 2018 | Respectfully submitted,<br><br> /s/ Marc Belloli<br>Marc Belloli (SBN: 244290)<br>    mbelloli@feinday.com<br>FEINBERG DAY ALBERTI LIM<br>& BELLOLI LLP<br>1600 El Camino Real, Suite 280<br>Menlo Park, California 94025<br>Tel: 650.618.4360<br>Fax: 650.618.4368<br><br>Patrick J. Conroy (admitted *pro hac vice*)<br>    pconroy@bcpc-law.com<br>T. William Kennedy Jr. (admitted *pro hac vice*)<br>    bkennedy@bcpc-law.com<br>Daniel F. Olejko (admitted *pro hac vice*)<br>    dolejko@bcpc-law.com<br>BRAGALONE CONROY PC<br>2200 Ross Ave., Suite 4500W<br>Dallas, Texas 75201<br>Tel: (214) 785-6670<br>Fax: (214) 785-6680<br><br>*Attorneys for Specially Appearing*<br>*Defendant Vista Peak Ventures, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, I electronically filed the foregoing document using the Court's ECF system which will electronically serve the same upon all counsel of record.

                               */s/ Marc Belloli*
                               Marc Belloli (SBN: 244290)