UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AU OPTRONICS CORPORATION AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VISTA PEAK VENTURES, LLC,<br><br>    Defendant. | Case No. 18-cv-04638-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Pending before the Court is a motion to dismiss or, in the alternative, to transfer or stay Plaintiff AU Optronics Corporation America's ("AUO USA") initial complaint, brought by Defendant Vista Peak Ventures, LLC ("VPV"). *See* Dkt. No. 1 ("Compl."); Dkt. No. 17 ("Mot."). Briefing on the motion is complete, and the Court held a hearing on November 29, 2018. *See* Dkt. No. 26 ("Opp."); Dkt. No. 27 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** the motion to dismiss for lack of personal jurisdiction.

**I. BACKGROUND**

AUO USA is incorporated and has its principal place of business in California. Compl. ¶ 1. AUO USA is a subsidiary of AU Optronics Corporation ("AUO"). *Id.* ¶ 3. Prior to this action, VPV filed three lawsuits in the U.S. District Court for the Eastern District of Texas ("the EDTX Actions") against AUO for infringement of thirteen patents (the "Asserted Patents"). *Id.* AUO USA subsequently brought this action against VPV for (1) declaratory judgment of non-infringement of each of the Asserted Patents; (2) declaratory judgment of no willful infringement of each of the Asserted Patents; and (3) a finding that any relief VPV may have under the Asserted Patents is barred by equitable estoppel. *Id.* ¶¶ 19–36. VPV now moves to dismiss the complaint, in part, for lack of personal jurisdiction. *See* Mot. at 4–7.

## II. LEGAL STANDARD

Federal Circuit law governs the personal jurisdiction analysis in an action "intimately related to patent law." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)); *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002) ("Federal Circuit law governs the issue of personal jurisdiction in [a] patent-related case."). In analyzing personal jurisdiction, the Federal Circuit engages in the familiar two-part inquiry: (1) whether the state's long-arm statute authorizes service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015).

Where a state, like California, "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," federal courts ask whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process."); Cal. Civ. Proc. Code § 410.10 (providing that California's long-arm statute is co-extensive with the federal due process clause). "Due process requires that the defendant have sufficient 'minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Celgard, LLC*, 792 F.3d at 1377 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A plaintiff can invoke two categories of personal jurisdiction: general and specific. *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016). "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v.*

*Hall*, 466 U.S. 408, 414–16 (1984)).

When analyzing specific personal jurisdiction, the Federal Circuit applies a three-prong test: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Polar Electro Oy*, 829 F.3d at 1348. "The first two prongs correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third prong corresponds to the 'fair play and substantial justice' prong of the analysis." *Id.* Once a plaintiff carries its burden of establishing the first two prongs, the burden shifts to the defendant to prove that jurisdiction is unreasonable. *Id.*

## III. DISCUSSION

AUO USA asserts only that this Court has specific jurisdiction over VPV in this action, for two reasons. *See* Compl. ¶¶ 9–10. First, VPV purportedly conducted "substantial business" in this forum by engaging a San Jose law firm "to acquire the Asserted Patents," and "authorizing that Firm's filing of powers of attorney to act on behalf of Defendant before the United States Patent and Trademark Office with respect to at least some of the Asserted Patents after their acquisition." *Id.* ¶ 9. Second, VPV purportedly "target[ed]" AUO USA by alleging wrongdoing by, and seeking injunctive relief against, AUO USA in the EDTX Actions. *Id.* ¶ 10. According to AUO USA, "Defendant's failure to name AUO USA as a party defendant in its complaints notwithstanding Defendant's claim for injunctive relief against AUO USA for alleged infringement of the Asserted Patents is tantamount to depriving AUO USA of its procedural rights to defend such claims in the legally appropriate venue, namely, this District." *Id.*

The Court finds that AUO USA's factual allegations do not justify exercising specific personal jurisdiction over VPV. To start—and as Plaintiff admitted at the hearing on this motion—simply hiring a California law firm cannot render a party subject to personal jurisdiction in California. Where courts have considered a party's counsel for purposes of specific personal jurisdiction in patent suits, they have looked to whether the counsel engaged in specific enforcement or defense activities in the forum. *See, e.g.*, *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789–92 (Fed. Cir. 2011) ("Thus, only those activities of the patentee that relate to the

3

enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action."); *Square, Inc. v. Morales*, No. C 13–01431 SBA, 2013 WL 6199281, at *4 (N.D. Cal. Nov. 27, 2013). Even threatening a party with suit in an "infringement letter," by itself, is not always sufficient to establish personal jurisdiction: generally, there must be some "other activities" such as "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008).

At the hearing on this motion, Plaintiff's counsel argued that VPV's mere engagement of a California firm constituted "enforcement activity" because VPV is a non-practicing entity whose "sole business" is patent enforcement. Plaintiff's counsel also argued that because VPV's California counsel entered an appearance before the U.S. Patent and Trademark Office ("PTO") for at least some of the Asserted Patents, said counsel (1) monitors those patents for challenges, and (2) pays maintenance fees to ensure the patents do not lapse and thus become unenforceable. Plaintiff's counsel argued that these PTO contacts are relevantly "related to" enforcement. Plaintiff's position is not only impractical but also contrary to the well-established requirement that a party engage in some enforcement or defense activity *in the forum* to justify a court exercising specific personal jurisdiction. Any contacts with the PTO, even if tenuously related to enforcement, "were directed at Virginia (the site of the PTO) rather than" California. *Radio Sys. Corp.*, 638 F.3d at 792. Because Plaintiff alleges no relevant enforcement activity in the complaint, the Court finds VPV's engagement of a California law firm and that firm's contacts with the PTO insufficient to justify exercising specific personal jurisdiction over VPV.[1]

The Court finds Plaintiff's second ground for personal jurisdiction similarly unavailing. Courts routinely "reject[] personal jurisdiction premised solely on prior judicial actions in other states." *Adobe Sys. Inc. v. Tejas Research, LLC*, No. C-14-0868 EMC, 2014 WL 4651654, at *4

---

[1] Plaintiff filed a statement of recent decision regarding *Jack Henry & Associates, Inc. v. Plano Encryption Technologies LLC*, 910 F.3d 1199 (Fed. Cir. 2018). But that case, where the party contesting personal jurisdiction made numerous litigation threats directed at the forum—which no one disputed established minimum contacts—does not change the Court's conclusions here.

4

(N.D. Cal. Sept. 17, 2014). Out-of-state actions are insufficient, "even when brought against a forum resident." *Id.*; *see also Elecs. for Imaging, Inc. v. RAH Color Techs. LLC*, No. 18-cv-01612-WHO, 2018 WL 5304838, at *6 (N.D. Cal. Oct. 24, 2018); *Kyocera Int'l, Inc. v. Semcon IP, Inc.*, No. 18-cv-1575-CAB-MDD, 2018 WL 5112056, at *3 (S.D. Cal. Oct. 19, 2018) ("Semcon's enforcement efforts appear to be located exclusively in Texas. That two of the defendants in the twelve patent infringement lawsuits Semcon filed in Texas happen to have principal places of business in California is insufficient, without more, to satisfy Kyocera's obligation to demonstrate that Semcon purposefully directed its enforcement activities at California."); *Juniper Networks, Inc. v. SSL Servs., LLC*, No. C 08-5758 SBA, 2009 WL 3837266, at *3–4 (N.D. Cal. Nov. 16, 2009) (rejecting a Texas patent infringement suit against a California entity as a ground for personal jurisdiction). It makes even less sense to find personal jurisdiction where, as here, the out-of-state action was not brought against a forum resident. Plaintiff cites to no case to the contrary.

Despite these deficiencies, Plaintiff nevertheless asks this Court to exercise personal jurisdiction over VPV because, in its view, VPV improperly circumvented the holding of *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), by bringing suit in Texas against AUO USA's parent, but not AUO USA. Opp. at 1. Plaintiff claims VPV knew that if it named AUO USA in the EDTX Actions, *TC Heartland* would dictate that those actions had to be brought in the Northern District of California. *Id.* at 7 ("Indeed, under *TC Heartland*, this is the only forum [in] which AUO USA may properly be sued . . . . Defendant should not be able to flaunt the venue requirements of *TC Heartland* simply because it filed suit in an improper forum."). Plaintiff argues that VPV's circumvention of *TC Heartland* "improperly deprive[s] AUO USA of its right to fight those claims in this venue," and "deprive[s] *this forum* of its right under binding precedent to adjudicate Defendant's claims against AUO USA in this venue." *Id.* at 6 (emphasis in original).

Plaintiff's argument is misguided for two reasons. First, Plaintiff's reliance on *TC Heartland* for fairness and justice considerations ignores that Plaintiff has the initial burden of proving that Defendant has the requisite minimum contacts with California to justify personal

5

jurisdiction. *Polar Electro Oy*, 829 F.3d at 1348. Because Plaintiff failed to make that showing, the Court does not proceed to consider "whether assertion of personal jurisdiction is reasonable and fair." *Id.* (explaining the burden-shifting framework). Second, Plaintiff ignores that the Federal Circuit has expressly permitted suits under the alien-venue rule against foreign corporations in the manner employed by VPV in the EDTX Actions. *See In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). And the Federal Circuit unambiguously explained that "*TC Heartland* does not alter this conclusion." *Id.* at 1357.[2]

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** VPV's motion to dismiss for lack of personal jurisdiction. AUO USA's action is **DISMISSED** without leave to amend, without prejudice to AUO USA raising its claims in a venue in which Defendant is subject to personal jurisdiction. The Clerk is instructed to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 2/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Plaintiff did not even acknowledge the *In re HTC* decision in its opposition brief,imploring Defendant's citation of the case in support of the motion to dismiss.